UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-22-6693-MWF (JPRx)        Date:  November 29, 2022
Title:    Real Time Resolutions, Inc. v. Rosa A. Grande Ramirez et al

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**  ORDER GRANTING IN PART MOTION TO REMAND ACTION TO STATE COURT AND FOR ATTORNEY'S FEES AND COSTS [9]

Before the Court is Movant Vaqas Khan's Motion for Remand and for Attorney's Fees and Costs, and a Request for Judicial Notice (the "RJN"), filed concurrently on October 18, 2022.  (Docket Nos. 9 and 10).  Pro se Defendants Rosa Ramirez and Atanacio Zelayandia failed to file a timely Opposition.

The Motion was noticed to be heard on December 5, 2022.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.

Plaintiff's failure to timely oppose the Motion is a sufficient reason to grant it.  Local Rule 7-12; *see also Teer v. Sabert Corp.*, No. ED CV 19-02482-AB (SPx), 2020 WL 1166998, at *1 (C.D. Cal. Mar. 11, 2020) ("[U]nder Local Rule 7-12, the Court deems Defendant's failure to respond as consent to granting Plaintiff's Motion for Remand.").

The Motion is **GRANTED** to the extent it seeks remand back to state court based on Defendants' failure to oppose it and on the merits.  However, given Defendants' pro se status, the Motion is **DENIED** to the extent it seeks an award of attorney's fees and costs.

---

**CIVIL MINUTES—GENERAL**                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-22-6693-MWF (JPRx)**     **Date:  November 29, 2022**
**Title:**     Real Time Resolutions, Inc. v. Rosa A. Grande Ramirez et al

Because the Court determines that the exhibits attached to the RJN are matters of public record, the RJN is **GRANTED.** The Court takes judicial notice of the Deed of Trust, the Trustees Deed Upon Sale, and the state court filings. (Docket No. 10, Exs. 1 -7). *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (the Court may take judicial notice of court filings and other matters of public record).

On February 10, 2022, Plaintiff Real Time filed an unlawful detainer action in the Superior Court of California, County of Los Angles. (Motion at 4). As the new owner entitled to all interest in the Property, Khan applied to substitute in as the new Plaintiff of record. (*Id.*). On July 21, 2022, the state court ordered that Real Time substitute out as Plaintiff of record and Khan substituted in. (*Id.*). The trial in the underlying unlawful detainer matter was scheduled for September 19, 2022, but the trial did not go forward because Defendants filed this removal in an apparent attempt to further delay Khan's right to possession of the subject property. (*Id.*). Currently, the state court has continued the trial to December 7, 2022, pending a remand of the action back to state court. (*Id.*).

This Court concludes that it cannot properly assert jurisdiction over this matter based on either federal question or diversity subject matter jurisdiction.

In their removal papers, Defendants appear to assert the existence of federal question jurisdiction. But this action does not arise under federal law. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011) (citation and internal quotation marks omitted). Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987).

Defendants assert that the Complaint arises under federal law because "Defendant's federally secured rights guaranteed by 42 U.S.C. §§ 1981, 1982, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-22-6693-MWF (JPRx)          Date:  November 29, 2022
Title:  Real Time Resolutions, Inc. v. Rosa A. Grande Ramirez et al

1983, the First, Fifth, Seventh, Ninth and Fourteenth Amendments to the constitution are being directly and systematically impaired and infringed by unconstitutional statutory laws and customs, practices, and policies having the force and effect of law in the State of California." (Notice of Removal (Docket No. 1) at 1). But the state court complaint states only a state law claim for unlawful detainer, and Defendants' anticipated defenses to that claim cannot confer jurisdiction on this Court.

Moreover, while Defendants also appear to assert the existence of diversity jurisdiction, the state court complaint asserts that the amount in controversy is less than $25,000 and both Defendants and the current Plaintiff in the state court matter (i.e., Khan) are domiciled in California. Therefore, diversity jurisdiction does not exist under 28 U.S.C. § 1332.

Therefore, this Court does not have subject matter jurisdiction over this action.

The Court further notes that Defendants' Notice of Removal was exceedingly untimely under 28 U.S.C. § 1446(b), which requires notices of removal to be filed within 30 days after receipt of the initial pleading in state court. The Summons and Complaint for the unlawful detainer were served on Defendants on February 14, 2022. Defendant filed a Notice of Removal **seven months** later on September 19, 2022. The failure to comply with § 1446 is yet another reason to grant the Motion.

Whether to grant Khan's request for attorney's fees and costs is a much closer question. As Khan points out, state and federal laws unequivocally prohibit removal under the circumstances of this case. *See CIT Bank, N.A. v. Est. of Marrazzo*, No. 3:17-CV-1948-YY, 2018 WL 2144506, at *4 (D. Or. Apr. 17, 2018), *report and recommendation adopted*, No. 3:17-CV-1948-YY, 2018 WL 2144346 (D. Or. May 8, 2018) (noting that in determining whether to award attorney's fees based on an improper removal "[t]he court should assess 'whether the relevant case law clearly foreclosed the defendant's basis of removal' by examining the 'clarity of the law at the time of removal.'") (citing *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008)). Moreover, it appears as though Defendants may have filed this removal with the purpose of frustrating the summary nature of the unlawful detainer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  CV-22-6693-MWF (JPRx) | **Date:**  November 29, 2022 |
| **Title:**   Real Time Resolutions, Inc. v. Rosa A. Grande Ramirez et al | |

action against them in state court.  *See Seadrift II, LLC v. Singh*, No. C 11-5823 SBA, 2012 WL 1355697, at *3 (N.D. Cal. Apr. 18, 2012) (awarding attorney's fees and costs, despite pro se status of the defendants, where the defendants failed to oppose the motion, waited four months to file the notice of removal, and likely filed the notice with intent to delay the unlawful retainer proceedings).

On the other hand, "[i]n determining whether to award attorney's fees as a result of removal by [] pro se defendant[s], courts recognize the lack of legal assistance to be significant." *CIT Bank*, 2018 WL 2144506, at *5 (internal citations omitted).  Several courts have declined to exercise their discretion to award attorney's fees and costs against pro se defendants even after concluding the defendants had no objectively reasonable basis to remove the action.  *See, e.g.*, *OneWest Bank, FSB v. Mohr*, No. C 10–00639, 2010 WL 2721437 at *3 (N.D. Cal. July 7, 2010) (declining to award attorney's fees because the defendant filed a notice of removal "without the benefit of legal counsel," even though it should have been "readily apparent" that defendant's notice of removal lacked an objectively reasonable basis for removal); *HSBC Bank USA, Nat. Ass'n v. Manuel*, No. C 10–01186, 2010 WL 3366410 at *2 (N.D. Cal. Aug. 25, 2010) (denying attorney's fees and costs, stating that a pro se defendant is entitled to more leeway in his attempt to comply with a removal statute); *IH2 Prop. Washington LP v. Kyung Chai Leem*, No. C13–1736RSL, 2014 WL 294545, at *2 (W.D. Wash. Jan. 24, 2014) ("As the defendants are proceeding pro se and were accordingly unrepresented by counsel when the Notice of Removal was filed, the Court finds that an award of attorney's fees and costs is not appropriate in this case."); *Bruce v. Nolan*, No. CV 01–1474–BR, 2002 WL 31440886, at *2 (D. Or. Feb. 12, 2002) (declining to award fees where a pro se litigant was proceeding without the assistance of counsel and may have been unaware of the removal requirements).

Therefore, giving great weight to the pro se status of Defendants, Khan's request for attorney's fees and costs is **DENIED**.

Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles but declines to award attorney's fees and costs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-22-6693-MWF (JPRx)         **Date:** November 29, 2022
**Title:** Real Time Resolutions, Inc. v. Rosa A. Grande Ramirez et al

IT IS SO ORDERED.

The Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment. Local Rule 58-6.